[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: THE DEFENDANT'S MOTION FOR HEARING
The plaintiff brought a rule to show cause why alimony should not be terminated or suspended pursuant to § 46b-86(b) C.G.S.
The matter came before the court on May 8, 1995 at which time the judge suggested to the defendant that she get a lawyer, and that she file a financial affidavit. The court then let the matter go off.
On September 5, 1995, the plaintiff's motion was brought on for hearing before the undersigned. The defendant was not in court. The plaintiff's attorney stated his client believed the defendant had actual knowledge of the hearing "through her children." The court then heard the testimony of the plaintiff and granted his motion to terminate alimony, advising counsel that the order was not effective until actual notice be given the defendant.
By motion filed on September 20, 1995, the defendant seeks to open the order entered on September 5, 1995.
The plaintiff asked their daughter to call her mother about the pending motion. Two hours later he called back and the daughter said she did talk to her mother. The defendant testified that the daughter asked her to call the plaintiff's attorney.
The court concludes that the defendant was not advised to be in court on September 5, 1995. The receipt of a reclaim slip by CT Page 4636 the defendant is not notice.
The defendant's motion is granted. The order terminating alimony is vacated. The matter shall be assigned to another judge for a de novo hearing on the plaintiff's motion.
HARRIGAN, J.